77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Guillermo ROMERO-VASQUEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70526.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 8, 1996.*
Decided Feb. 12, 1996.
 
 1
 Before: WALLACE, Chief Judge, T.G. NELSON, Circuit Judge, and BROWNING,** District Judge.
 
 MEMORANDUM
 
 2
 Romero-Vasquez petitions for review of the ruling of the Board of Immigration Appeals (Board) that he is deportable and ineligible for relief under section 212(c) of the Immigration and Nationality Act (Act). The Board has jurisdiction pursuant to 8 C.F.R. § 3.1(b)(2) (1995). We have jurisdiction over this timely application pursuant to 8 U.S.C. § 1105(a). We deny the petition.
 
 
 3
 We review the Board's determinations of purely legal questions de novo. Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995). The Board's interpretation and application of the immigration laws are given deference. Id.
 
 
 4
 Romero-Vasquez pled guilty in state court to carrying a concealed weapon in a public place and to carrying a concealed weapon in a vehicle in violation of California Health and Safety Code §§ 12031(a) and 12025(a) respectively. Under 8 U.S.C. § 1251(a)(2)(c), these offenses are grounds for deportation; they are not grounds for exclusion. See 8 U.S.C. § 1182(a).
 
 
 5
 Romero-Vasquez contends that it is both absurd and a due process violation to interpret section 212(c), 8 U.S.C. § 1182(c), of the Act as providing deportation relief for aliens who have committed crimes which are grounds for both deportation and exclusion--but not for aliens who have committed crimes which are only deportable.
 
 
 6
 These claims have already been rejected in Cabasug v. INS, 847 F.2d 1321 (9th Cir.1988), where we ruled that Congress could have reasonably intended to treat firearms offenses differently from other deportable crimes. This interpretation is consistent with precedent. It represents a policy choice by Congress to treat aliens convicted of different crimes differently. Moreover, because the Act's policy is a rational means to achieve the legitimate purpose of deterring aliens' possession of certain firearms, there is no due process violation.
 
 
 7
 Romero-Vasquez admits as much in his reply brief, and argues only that he disagrees "and invites this court to reverse itself." This we cannot do as a panel of the court--only an en banc court can change our precedent. United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992).
 
 
 8
 Romero-Vasquez also asserts that he was deprived of a fair deportation hearing because he was denied his Fifth Amendment right to retain counsel. Romero-Vasquez was informed of his right to retain counsel at no cost to the government and the availability of free legal services. The immigration judge even helped Romero-Vasquez find representation. Yet after two continuances and nine months' delay, Romero-Vasquez did not obtain counsel. He explained his failure on his unwillingness to pay legal fees.
 
 
 9
 The right to retain counsel can be waived if an alien is informed of the right. United States v. Barraza-Leon, 575 F.2d 218, 222 (9th Cir.1978). Romero-Vasquez was informed on several occasions of his right and was greatly assisted in obtaining counsel. His failure to do so--after two continuances and almost a year delay--constitutes waiver.
 
 
 10
 PETITION DENIED.
 
 
 11
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable William D. Browning, United States District Judge, District of Arizona, sitting by designation